IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 21-10903-HCM |
| METROPOLITAN WATER COMPANY, | § | Case No. 21-10904-HCM |
| L.P. and MET WATER VISTA RIDGE, | § | (Chapter 11 Subchapter V) |
| L.P., | § | (Jointly Administered under |
| | § | Case No. 21-10903-HCM) |
| Debtors-in-Possession. | § | |

| | | |
|---|---|---|
| BLUE WATER SYSTEMS, LP and BLUE | § | |
| WATER VISTA RIDGE, LLC, | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| vs. | § | |
| | § | |
| METROPOLITAN WATER COMPANY, | § | |
| L.P. and MET WATER VISTA RIDGE, | § | |
| L.P. | § | |
| | § | ADVERSARY NO. 21-01050-HCM |
| *Defendants,* | § | |
| | § | |
| vs. | § | |
| | § | |
| WILMINGTON TRUST, N.A., as Trustee | § | |
| of the Burleson/Milam Master Lease Trust, | § | |
| and BLUE WATER 130 PROJECT, L.P., | § | |
| | § | |
| *Third-party Defendants* | § | |

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO ABSTAIN OR, ALTERNATIVELY, TO REMAND

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. 3

I.      INTRODUCTION ............................................................................................... 5

II.     BACKGROUND .................................................................................................. 6

      A.     The Post-Closing Agreement unequivocally grants Metropolitan Water Company, L.P. the right to receive 50% of all Net Project Payments from the Vista Ridge water supply project. ...................................................... 6

      B.     In April 2021, the Blue Water Plaintiffs refused to pay Metropolitan Water Company, L.P. its share of Net Project Payments, and interfered with Metropolitan Water Company, L.P.'s efforts to otherwise obtain those funds........................................................................................................... 8

      C.     In October 2021, Metropolitan Water Company, L.P.'s share of Net Project Payments for the annual period ending in April 2021, more than $4 million, was interpleaded into the registry of the 21st District Court of Washington County. ......................................................................................... 10

      D.     As a result of the failure to receive more than $4 million, Metropolitan Water Company, L.P. was unable to pay obligations as they came due, incurred significant debts, and filed for bankruptcy. ........................... 11

III.    ARGUMENTS AND AUTHORITIES............................................................... 13

      A.     Legal standards ...................................................................................... 13

      B.     Mandatory abstention under 28 U.S.C. § 1334(c)(2) is not available. ................. 14

            1.     By omitting the "core" proceeding requirements, the Blue Water Plaintiffs did not present a complete statement of the test for mandatory abstention in this circuit........................................... 14

            2.     Because this is a "core" proceeding, mandatory abstention under 28 U.S.C. § 1334 (c)(2) is not available. .................................. 15

      C.     This Court should not exercise its discretion to abstain from hearing this adversary proceeding, pursuant to 28 U.S.C. § 1334(c)(1). ............................... 16

            1.     The permissive-abstention test under 28 U.S.C. § 1334(c)(1)................. 17

            2.     Factors weighing against abstention ...................................... 18

            3.     Neutral or inapplicable factors .............................................. 21

            4.     The balance of factors in the permissive-abstention test weighs against abstention.................................................................. 25

      D.     This Court should not exercise its discretion to remand this adversary proceeding, for the same reasons that permissive abstention is not appropriate. ............................................................................................ 26

IV.    CONCLUSION.................................................................................................... 26

# TABLE OF AUTHORITIES

**Cases**

*Browning v. Navarro,*
743 F.2d 1069 (5th Cir. 1984) ........................................................................ 13, 26

*Broyles v. U.S. Gypsum Co.,*
266 B.R. 778 (E. D. Tex. 2001) ............................................................................ 17

*Cadle v. Moore (In re Moore),*
739 F.3d 724 (5th Cir. 2014) ................................................................................ 14

*Gober v. Terra+Corp. (In re Gober),*
100 F.3d 1195 (5th Cir. 1996) .............................................................................. 16

*In re Missionary Baptist Found., Inc.,*
792 F.2d 502 (5th Cir. 1986) ................................................................................ 15

*In re Southmark Corp.,*
163 F.3d 925 (5th Cir. 1999) ................................................................................ 14

*In re TXNB Internal Case,*
483 F.3d 292 (5th Cir. 2007) ................................................................................ 14

*Lain v. Watt (In re Dune Energy, Inc.),*
575 B.R. 716 (Bankr. W.D. Tex. 2017) ........................................................ passim

*Love v. FDIC (In re George Love Farming, LC),*
420 F. App'x 788 (10th Cir. 2011) ....................................................................... 13

*McVey v. Johnson (In re SBMC Healthcare, LLC),*
519 B.R. 172 (Bankr. S.D. Tex. 2014) ............................................................ 18, 25

*Mt. McKinley Ins. Co. v. Corning Inc.,*
399 F.3d 436 (2nd Cir. 2005) ............................................................................... 15

*Regal Row Fina, Inc. v. Wash. Mut. Bank,*
No. 3:04-CV-1033-G, 2004 U.S. Dist. LEXIS 26704 (N.D. Tex. Dec. 9, 2004).................... 17

*Special Value Continuation Partners, L.P. v. Jones (In re Special Value Continuation
Partners, L.P.),*
Adv. No. 11-3304, 2011 Bankr. LEXIS 4475 (Bankr. S.D. Tex. Nov. 10, 2011).................... 17


**Statutes**

11 U.S.C. § 1189 ...................................................................................................... 18

28 U.S.C. § 1334 ............................................................................................. passim

28 U.S.C. § 157 ....................................................................................................... 16

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 21-10903-HCM |
| METROPOLITAN WATER COMPANY, | § | Case No. 21-10904-HCM |
| L.P. and MET WATER VISTA RIDGE, | § | (Chapter 11 Subchapter V) |
| L.P., | § | (Jointly Administered under |
| | § | Case No. 21-10903-HCM) |
| Debtors-in-Possession. | § | |

| | | |
|---|---|---|
| BLUE WATER SYSTEMS, LP and BLUE | § | |
| WATER VISTA RIDGE, LLC, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| vs. | § | |
| | § | |
| METROPOLITAN WATER COMPANY, | § | |
| L.P. and MET WATER VISTA RIDGE, | § | |
| L.P. | § | |
| | § | ADVERSARY NO. 21-01050-HCM |
| *Defendants*, | § | |
| | § | |
| vs. | § | |
| | § | |
| WILMINGTON TRUST, N.A., as Trustee | § | |
| of the Burleson/Milam Master Lease Trust, | § | |
| and BLUE WATER 130 PROJECT, L.P., | § | |
| | § | |
| *Third-party Defendants* | § | |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO
ABSTAIN OR, ALTERNATIVELY, TO REMAND**

Defendants – Debtors Metropolitan Water Company, L.P. and Met Water Vista Ridge, L.P.

jointly file this response in opposition to plaintiffs Blue Water Systems, LP and Blue Water Vista

Ridge, LLC's (together, the Blue Water Plaintiffs) motion to abstain or, alternatively, to remand

(Doc. 9), and in support thereof would respectfully show as follows:

- 4 -

# I.    INTRODUCTION

More than $4 million of Metropolitan Water Company, L.P.'s money is tied up in the registry of the 21st District Court of Washington County, the state court from which this adversary proceeding was removed.  And this adversary proceeding will determine the fate of hundreds of millions of dollars in future payments to Metropolitan Water Company, L.P. over the next 30–60 years.  It is not hyperbole to say that the resolution of this core adversary proceeding is absolutely essential to the success of these jointly administered bankruptcy cases.

The Blue Water Plaintiffs do not dispute that this Court has jurisdiction to hear this proceeding, or that the Debtors had the right to remove this proceeding to this Court, or that the Debtors properly and timely invoked that right.  Instead, the Blue Water Plaintiffs have asked this Court to (with the exception of one argument) exercise its discretion to abstain from hearing this proceeding or remand the proceeding to state court, based on "equitable grounds."

Abstention or remand would not be equitable to the Debtors, their creditors, or their bankruptcy estates.  This Court should deny the Blue Water Plaintiffs' motion to abstain and motion to remand, and hear and determine this core adversary proceeding, for four reasons:

- More than $4 million in debtor Metropolitan Water Company, L.P.'s funds have been interpleaded in connection with this adversary proceeding, and this proceeding will determine how and when Metropolitan Water Company, L.P. receives hundreds of millions of dollars in future income.  The resolution of the competing claims in this proceeding will resolve Metropolitan Water Company, L.P.'s liquidity issues, and enable the successful completion of the Debtors' plan of reorganization.

- The doctrine of mandatory abstention, pursuant to 28 U.S.C. § 1334(c)(2), is not available for this case because it is a core proceeding, for the reasons described within this response.

- This Court should not exercise its discretion to permissively abstain from hearing this proceeding, pursuant to 28 U.S.C. § 1334(c)(1), because the Debtors, their creditors, and their bankruptcy estates will all benefit from this Court's unique ability to quickly, expertly, and finally resolve the issues in this proceeding.

- For largely the same reasons, this Court should not exercise its discretion to remand this

- 5 -

core proceeding to state court, which will be considering issues and resolving claims in isolation, without regard for the comprehensive and inclusive fashion that this Court employs.

For these reasons, Debtors respectfully request an order denying the Blue Water Plaintiffs' motion to abstain or, alternatively, to remand (Doc. 9) in its entirety, and for such other and further relief to which Debtors may be justly entitled.

## II.     BACKGROUND

The Blue Water Plaintiffs' motion to abstain or, alternatively, to remand, contains numerous inaccuracies and misrepresentations regarding both recent events and the parties' history, many of which are irrelevant to the issues required to decide their motion.  What is undisputed is that the Debtors and the Blue Water Plaintiffs have had business relationships for many years, which became strained over the course of many events, leading to repeated litigation amongst themselves.

The following background discusses facts that are relevant to the Blue Water Plaintiffs' motion to abstain or remand.

## A.     The Post-Closing Agreement unequivocally grants Metropolitan Water Company, L.P. the right to receive 50% of all Net Project Payments from the Vista Ridge water supply project.

On May 11, 2016, following long-running disputes with accusations of misconduct on both sides, the Debtors entered into a settlement agreement with (among others) the Blue Water Plaintiffs.[1]  This "Post-Closing Agreement" created many rights and obligations, and covered many aspects of the parties' relationships.

But importantly for purposes of the issues this Court is being asked to decide regarding the Blue Water Plaintiffs' motion to abstain or remand, the Post-Closing Agreement clearly and

---

[1] *See* Post-Closing Agreement (Doc. 9-1), at p. 283–98.

unequivocally defined Metropolitan Water Company, L.P.'s right to receive 50% of all Net Project Payments:[2]

> 2    Lease Payments and Compensation.  By execution of this Agreement, during the Applicable Period, Met Water shall be entitled to the following payments and compensation with respect to the VR Leases, in lieu of any other payments and compensation with respect to the VR Leases under the Existing Agreements (the *"Payment Obligations"*):  An amount equal to fifty percent (50%) of all Net Project Payments, due as and when paid to Blue Water.  The Payment Obligations are effective only during the Applicable Period, affect only payments due to Met Water under the Existing Agreements with respect to the VR Leases and do not modify, waive or alter any other payment obligation or right of Met Water with respect to any other property interest or right of the Blue Water Parties under the Existing Agreements.

Metropolitan Water Company, L.P.'s right to these payments is not disputed.  Ross Cummings, the principal of both Blue Water Plaintiffs, agreed under oath that the Post-Closing Agreement required 50 percent of the Net Project Payments to be paid to Metropolitan Water Company, L.P.[3]  He further testified that the Blue Water Plaintiffs are not "arguing with the fact that [Metropolitan Water Company, L.P.] deserve[s] 50 percent" of the New Project Payments."[4]

"Net Project Payments" does not refer to a single payment.  The more than $4 million already interpleaded in the state court's registry (see below) is just Metropolitan Water Company, L.P.'s share of the first annual payment.  Over the next 30–60 years, Blue Water Vista Ridge, LLC and Metropolitan Water Company, L.P. will equally share approximately $18 million each year (less certain deductions).[5]  Section II(2) of the Post-Closing Agreement literally determines Metropolitan Water Company, L.P.'s rights to receive hundreds of millions of dollars.

---

[2] *See* Post-Closing Agreement (Doc. 9-1), at 287.

[3] *See* Deposition of Ross Cummings (Aug. 25, 2021), at 49:4–12, attached as Exhibit 1.

[4] Ex. 1 (Cummings deposition), at 9:12–13.

[5] *See* Expedited motion of Blue Water Systems, LP and Blue Water Vista Ridge, LLC to abstain or, alternatively, to remand (Doc. 9), at ¶ 3 (stating amount of annual groundwater production for the Vista Ridge water supply project); Groundwater Lease Conveyance Agreement (Jan. 31, 2015), at § 6(a) (defining price paid to Blue Water Vista Ridge, LLC per acre-foot of groundwater

**B.     In April 2021, the Blue Water Plaintiffs refused to pay Metropolitan Water Company, L.P. its share of Net Project Payments, and interfered with Metropolitan Water Company, L.P.'s efforts to otherwise obtain those funds.**

Under the contracts related to the Vista Ridge water supply project, the first multi-million dollar Net Project Payment was due on or before April 30, 2021.[6]  That money would first be paid by Vista Ridge LLC to the Burleson/Milam Master Lease Trust (the Trust) and then, as required by Section II(2) of the Post Closing Agreement, would be paid 50/50 to Blue Water Vista Ridge, LLC and Metropolitan Water Company, L.P.[7]

On April 7, 2021, Metropolitan Water Company, L.P. contacted Wilmington Trust, N.A., the trustee for the Trust.[8]  The purpose of the communication was to provide Metropolitan Water Company, L.P.'s payment and wiring information to the Trust for the upcoming payment.[9]  To Metropolitan Water Company, L.P.'s surprise, Wilmington Trust was not aware that Metropolitan Water Company, L.P. existed—let alone that within a matter of days it was required to pay Metropolitan Water Company, L.P. 50% of the multi-million dollar Net Project Payment.[10]

Metropolitan Water Company, L.P. immediately contacted Blue Water Vista Ridge, LLC about the issue, and asked it to submit proper payment instructions to Wilmington Trust, as

---

produced), attached as Exhibit 2 (without exhibits); Second amendment to the GLCA (Oct. 31, 2016), at § 1 (revising price paid per acre-foot of groundwater produced), attached as Exhibit 3; Post-Closing Agreement (Doc. 9-1), at 287 (50/50 split of Net Project Payments).

[6] *See* Ex. 2 (GLCA), at § 6(a)–(b); Burleson/Milam Master Lease Trust agreement (Doc. 9, p.166–245), at § 3(c) (p. 170–71).

[7] *See* Ex. 2 (GLCA), at § 6(a)–(b); Burleson/Milam Master Lease Trust agreement (Doc. 9, p.166–245), at § 3(c) (p. 170–71); Post-Closing Agreement (Doc. 9-1), at 287.

[8] *See* Met Water email to Wilmington Trust (Apr. 7, 2021), attached as Exhibit 4.

[9] *See* Ex. 4 (Apr. 7 email).

[10] *See* Ex. 4 (Apr. 7 email).

required by Section II(2) of the Post Closing Agreement.[11]  Blue Water Vista Ridge, LLC did not respond to Metropolitan Water Company, L.P.

On April 8, 2021, Metropolitan Water Company, L.P. again contacted Blue Water Vista Ridge, LLC and asked for copies of the agreements or amendments that Blue Water Vista Ridge, LLC was required to execute pursuant to Section II(2) of the Post Closing Agreement, to secure Metropolitan Water Company, L.P.'s right to directly receive 50% of payments from the Vista Ridge water supply project.[12]  Again, Blue Water Vista Ridge, LLC did not respond to Metropolitan Water Company, L.P.

Unbeknownst to Metropolitan Water Company, L.P., the Blue Water Plaintiffs were separately communicating with Wilmington Trust.  Mr. Cummings testified that the Blue Water Plaintiffs instructed Wilmington Trust to pay Blue Water Vista Ridge, LLC 50% of the Net Project Payments and to hold back the other 50%.[13]  This instruction was apparently based on the Blue Water Plaintiffs' separate claims for money damages against Metropolitan Water Company, L.P., regarding access to its groundwater lease files.

In other words, the Blue Water Plaintiffs worked with Wilmington Trust to withhold more than $4 million of Metropolitan Water Company, L.P.'s money, based on unliquidated and hotly disputed claims.  To this day, and despite its admitted obligation to do so,[14] Blue Water Vista Ridge, LLC (i) has not paid Metropolitan Water Company, L.P. its 50% share of Net Project Payments for the annual period ending in April 2021 and (ii) has not instructed Wilmington Trust to release any funds to Metropolitan Water Company, L.P.

---

[11] *See* Met Water email to Blue Water Vista Ridge, LLC (Apr. 7, 2021), attached as Exhibit 5.

[12] *See* Met Water email to Blue Water Vista Ridge, LLC (Apr. 8, 2021), attached as Exhibit 6.

[13] *See* Ex. 1 (Cummings deposition), at 79:5–10.

[14] *See* Ex. 1 (Cummings deposition), at 20:9, 20:12–13.

**C.**     **In October 2021, Metropolitan Water Company, L.P.'s share of Net Project Payments for the annual period ending in April 2021, more than $4 million, was interpleaded into the registry of the 21st District Court of Washington County.**

After the Blue Water Plaintiffs' refusal to communicate, Metropolitan Water Company, L.P. was forced to file a lawsuit seeking injunctive relief on April 13, 2021, in Travis County, where the Blue Water Plaintiffs are headquartered.[15]  Wilmington Trust, which would soon receive and distribute the Net Project Payment, was named as a defendant.[16]

The Travis County district court denied the Blue Water Plaintiffs' attempt to move the lawsuit to Washington County and consolidate it with another pending lawsuit between the parties.[17]  The Third Court of Appeals denied the Blue Water Plaintiffs' request for mandamus relief.[18]

After Metropolitan Water Company, L.P. filed the Travis County lawsuit, the Blue Water Plaintiffs amended their pleadings in the Washington County lawsuit and asserted for the first time in April 2021 claims regarding Net Project Payments.[19]  (Before then, Net Project Payments were not at issue in the Washington County lawsuit.[20])  The Blue Water Plaintiffs then sought and obtained an anti-suit injunction from the Washington County district court to prohibit Metropolitan

---

[15] *See* Travis County original petition (filed Apr. 13, 2021), attached as Exhibit 7.

[16] *See* Ex. 7 (Travis County original petition), at ¶ 13.

[17] *See* Amended order denying plea to the jurisdiction and plea in abatement (May 3, 2021), attached as Exhibit 8.

[18] *See* Opinion from Third Court of Appeals (September 10, 2021), attached as Exhibit 9.

[19] *See* Blue Water's second amended petition in Washington County (filed Apr. 28, 2021), at ¶¶ 34–35, attached as Exhibit 10 (without exhibits).

[20] *See generally* Blue Water's first amended petition in Washington County (filed Oct. 20, 2020), attached as Exhibit 11 (without exhibits).

Water Company, L.P. from prosecuting the Travis County lawsuit.[21]

Metropolitan Water Company, L.P. appealed the anti-suit injunction,[22] and obtained a partial stay of the order.[23] But the Blue Water Plaintiffs' new claims regarding Net Project Payments remained pending in the Washington County lawsuit, and Metropolitan Water Company, L.P.'s lawsuit in Travis County remained stayed by the Washington County district court's anti-suit injunction.

Wilmington Trust watched the dispute in Washington County from the sidelines, and after the anti-suit injunction was issued, Wilmington Trust intervened in the case and moved to interplead more than $4 million of Metropolitan Water Company, L.P.'s money—the 50% share that the Blue Water Plaintiffs had instructed Wilmington Trust to hold back.[24] That motion was granted, and Wilmington Trust tendered the funds into the Washington County district court's registry on October 28, 2021.[25]

**D.      As a result of the failure to receive more than $4 million, Metropolitan Water Company, L.P. was unable to pay obligations as they came due, incurred significant debts, and filed for bankruptcy.**

Metropolitan Water Company, L.P. currently has one source of income, production payments from a separate water supply project (the 130 Project, which utilizes a 53-mile pipeline from Burleson County to eastern Travis County). That income is roughly equal to Metropolitan

---

[21] *See* Washington County anti-suit injunction (Doc. 9-6).

[22] *See* Notice of appeal of anti-suit injunction (filed July 19, 2021), attached as Exhibit 12.

[23] *See* Order on emergency motion to stay anti-suit injunction (Nov. 9, 2021), attached as Exhibit 13.

[24] *See* Wilmington Trust's original petition in intervention for interpleader (filed Aug. 19, 2021), attached as Exhibit 14 (without exhibits); Wilmington Trust's motion for interpleader and to deposit funds (filed Aug. 19, 2021), attached as Exhibit 15 (without exhibits).

[25] *See* Notice of deposit of funds (filed Oct. 28, 2021), attached as Exhibit 16.

Water Company, L.P.'s routine monthly operating expenses; it is currently operating on very thin margins.  Metropolitan Water Company, L.P. could not afford to pay debts outside the normal course of its business, like a $40,000 judgment against Metropolitan Water Company, L.P. by a landowner[26] and hundreds of thousands of dollars in bills from attorneys.[27]  In particular, Metropolitan Water Company, L.P.'s inability to pay its attorneys puts at risk property of its bankruptcy estate, including the $4 million already interpleaded in the state court's registry and another multi-million payment in April 2022 (which is its 50% share of the next Net Project payment).

The income from the Vista Ridge water supply project, which Metropolitan Water Company, L.P. was due to receive in April 2021, was going to change that.  When Wilmington Trust interpleaded more than $4 million of Metropolitan Water Company, L.P.'s money into the registry of the Washington County district court on October 28, 2021, however, it became clear Metropolitan Water Company, L.P. was not going to timely receive the money it needs to pay its debts.

The Debtors filed voluntary petitions for bankruptcy one month later, on November 22, 2021.[28]  The Washington County lawsuit, where more than $4 million of Metropolitan Water Company, L.P.'s money sat in the court's registry, was removed to this Court on December 9, 2021.[29]

---

[26] *See* Schedule E/F: Creditors who have unsecured claims (filed Dec. 6, 2021), at ¶ 3.2, filed as Doc. 30 in cause no. 21-10903-HCM.

[27] *See* Schedule E/F: Creditors who have unsecured claims (filed Dec. 6, 2021), at ¶¶ 3.1, 3.10, filed as Doc. 30 in cause no. 21-10903-HCM.

[28] *See* Voluntary petition for non-individuals filing for bankruptcy (filed Nov. 22, 201), filed as Doc. 1 in cause no. 21-10903-HCM.

[29] *See* Notice of removal (Doc. 1).

## III.     ARGUMENTS AND AUTHORITIES

The Blue Water Plaintiffs' motion to abstain or, alternatively, to remand does not allege that this Court lacks jurisdiction to hear this proceeding, or that the Debtors failed to properly or timely remove this proceeding to this Court.[30]  Instead, this Court is being asked to decide three specific questions:

(1) Is this Court required to abstain from hearing this proceeding, pursuant to 28 U.S.C. § 1334(c)(2)?

(2) Should this Court exercise its discretion to abstain from hearing this proceeding, pursuant to 28 U.S.C. § 1334(c)(1)?

(3) Should this Court exercise its discretion to remand this proceeding to the 21st District Court of Washington County under 28 U.S.C. § 1452((b)?

The answer to all three of those questions is "no."  For that reason, the Blue Water Plaintiffs' motion to abstain or, alternatively, to remand (Doc. 9) should be denied in its entirety.

### A.     Legal standards

A bankruptcy court's decision regarding mandatory abstention under 28 U.S.C. § 1334(c)(2) is reviewed *de novo*.[31]  But decisions (i) regarding permissive abstention, under 28 U.S.C. § 1334(c)(1) and (ii) to grant or deny remand to state court based on equitable factors are generally not reviewable.[32]

---

[30] *See* Expedited motion of Blue Water Systems, LP and Blue Water Vista Ridge, LLC to abstain or, alternatively, to remand (Doc. 9), at ¶¶ 6–7.

[31] *See, e.g.*, *Love v. FDIC (In re George Love Farming, LC)*, 420 F. App'x 788, 793 (10th Cir. 2011).

[32] *See, e.g.*, 28 U.S.C. § 1334(d) (decisions on permissive abstention generally not reviewable); *Browning v. Navarro*, 743 F.2d 1069, 1076–78 (5th Cir. 1984) (remand orders generally not reviewable).

**B.**     **Mandatory abstention under 28 U.S.C. § 1334(c)(2) is not available.**

The Blue Water Plaintiffs first assert that this Court must abstain from hearing this adversary proceeding because it is subject to mandatory abstention under 28 U.S.C. § 1334(c)(2).[33] The Blue Water Plaintiffs are incorrect, and they reached that conclusion by failing to apply the proper test.

**1.**     **By omitting the "core" proceeding requirements, the Blue Water Plaintiffs did not present a complete statement of the test for mandatory abstention in this circuit.**

In their briefing, the Blue Water Plaintiffs assert that the test for mandatory abstention under 28 U.S.C. § 1334(c)(2) is whether the proceeding in question (i) is based on a state-law cause of action; (ii) no other basis for federal jurisdiction exists, aside from bankruptcy; and (iii) the state court in which the matter is pending can timely adjudicate the claim.[34]  That is ***not*** a complete statement of the test for mandatory abstention.

The Fifth Circuit described the test for mandatory abstention in *Cadle Co. v. Moore (In re Moore)*: "We have interpreted § 1334(c)(2) to mandate federal court abstention where '(1) [t]he claim has no independent basis for federal jurisdiction, other than § 1334(b); (2) the claim is a non-core proceeding; (3) an action has been commenced in state court; and (4) the action could be adjudicated timely in state court."[35]  The Blue Water Plaintiffs have, inadvertently or not, omitted

---

[33] *See* Expedited motion of Blue Water Systems, LP and Blue Water Vista Ridge, LLC to abstain or, alternatively, to remand (Doc. 9), at ¶ 29.

[34] *See* Expedited motion of Blue Water Systems, LP and Blue Water Vista Ridge, LLC to abstain or, alternatively, to remand (Doc. 9), at ¶ 27 (citing *In re Southmark Corp.*, 163 F.3d 925, 935 (5th Cir. 1999)).

[35] 739 F.3d 724, 729 (5th Cir. 2014) (quoting *In re TXNB Internal Case*, 483 F.3d 292, 299 (5th Cir. 2007)).

an important factor in the mandatory-abstention test: that for mandatory abstention to be available, the claim in question must be a "non-core" proceeding.

### 2. Because this is a "core" proceeding, mandatory abstention under 28 U.S.C. § 1334 (c)(2) is not available.

As the Second Circuit explained in *Mt. McKinley Ins. Co. v. Corning Inc.*, "[t]he first step in a Section 1334(c)(2) abstention analysis is resolution of whether the proceeding is 'core' . . . ."[36] The Blue Water Plaintiffs' motion to abstain did not attempt to analyze whether this is a "core" proceeding or not. The closest it came was merely asserting the claims in this adversary proceeding are "'related-to' matters, which are peripheral to the concerns of the bankruptcy case and based entirely on questions of state law."[37] That is not correct.

More than $4 million that belongs to Metropolitan Water Company, L.P. was interpleaded into the registry of the state district court from which this adversary proceeding was removed;[38] those funds are property of a debtor and of the bankruptcy estate.[39] The Blue Water Plaintiffs are making claims in this adversary proceeding against property of the estate (the funds in the court's registry),[40] and the estate (through debtor-in-possession Metropolitan Water Company, L.P.) has

---

[36] 399 F.3d 436, 447 (2nd Cir. 2005).

[37] *See* Expedited motion of Blue Water Systems, LP and Blue Water Vista Ridge, LLC to abstain or, alternatively, to remand (Doc. 9), at ¶ 28.

[38] *See* Ex. 1 (Cummings deposition), at 9:12–13, 49:4–12; Ex. 16 (notice of deposit of funds).

[39] *See, e.g.*, *In re Missionary Baptist Found., Inc.*, 792 F.2d 502, 505 (5th Cir. 1986) (funds held in escrow are property of the bankruptcy estate, even if other parties assert contingent interests in or claims against the funds).

[40] *See, e.g.*, Blue Water's fourth amended petition (Doc. 9-1), at ¶¶ 78–79 (seeking damages as an offset against amounts owed to Metropolitan Water Company, L.P. from the Post-Closing Agreement).

asserted counterclaims seeking release of the funds.[41]

As Defendants pleaded in their notice of removal, those facts make this adversary proceeding a "core" proceeding under multiple subsections of 28 U.S.C. § 157(b)(2).[42]  Some of those subsections include:

- subsection (B), allowance or disallowance of claims against the estate;

- subsection (C), counterclaims by the estate against persons filing claims against the estate;

- subsection (E), orders to turn over property of the estate;

- subsection (M), orders approving the use or lease of property, including cash collateral; and

- subsection (O), other proceedings affecting the adjustment of the debtor-creditor or the equity security holder relationship.

Because this matter is a "core" proceeding under 28 U.S.C. 157(b)(2), the doctrine of mandatory abstention does not apply.[43]  The Blue Water Plaintiffs' request for this Court to abstain from hearing this proceeding under 28 U.S.C. § 1334(c)(2) should therefore be denied.

**C.**      **This Court should not exercise its discretion to abstain from hearing this adversary proceeding, pursuant to 28 U.S.C. § 1334(c)(1).**

The Blue Water Plaintiffs next argue that this Court should exercise its discretion to abstain from hearing this proceeding, pursuant to 28 U.S.C. § 1334(c)(1).[44]  Because the factors in the

---

[41] *See* Metropolitan Water Company, L.P.'s second amended counterclaim in Washington County (filed Sept. 24, 2021), at ¶¶ 109–17, attached as Exhibit 17 (without exhibits).

[42] *See* Notice of removal (Doc. 1), at ¶ 2 (citing subsections (A), (B), (C), (E), (K), (M), and (O) of 28 U.S.C. § 157(b)(2)).

[43] *See, e.g.*, *Gober v. Terra+Corp. (In re Gober)*, 100 F.3d 1195, 1206 (5th Cir. 1996); *Lain v. Watt (In re Dune Energy, Inc.)*, 575 B.R. 716, 727 (Bankr. W.D. Tex. 2017) (Mott, J.).

[44] *See* Expedited motion of Blue Water Systems, LP and Blue Water Vista Ridge, LLC to abstain or, alternatively, to remand (Doc. 9), at ¶ 30.

permissive-abstention test weigh in favor of this Court exercising its undisputed jurisdiction over this proceeding, and over the undisputed property of debtor Metropolitan Water Company, L.P.'s estate, the Blue Water Plaintiffs' request should be denied.

### 1. The permissive-abstention test under 28 U.S.C. § 1334(c)(1)

This Court, and other bankruptcy courts within this circuit, utilize a factors-based analysis to determine if permissive abstention under 28 U.S.C. § 1334(c)(1) is appropriate.[45]  The non-exclusive list of factors includes:

(1) the effect or lack thereof on the efficient administration of the estate if the court remands or abstains;

(2) extent to which state law issues predominate over bankruptcy issues;

(3) difficult or unsettled nature of applicable law;

(4) presence of related proceeding commenced in state court or other non-bankruptcy proceeding;

(5) jurisdictional basis, if any, other than 28 U.S.C. § 1334;

(6) degree of relatedness or remoteness to main bankruptcy case;

(7) the substance, rather than the form, of an asserted core proceeding;

(8) the feasibility of severing state law claims from core bankruptcy matters to allow judgment to be entered in state court with enforcement left to the bankruptcy court;

(9) the burden of the court's docket;

(10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;

(11) the existence of a right to a jury trial;

---

[45] *See, e.g.*, *Lain*, 575 B.R. at 731–32; *Broyles v. U.S. Gypsum Co.*, 266 B.R. 778, 785 (E. D. Tex. 2001); *Special Value Continuation Partners, L.P. v. Jones (In re Special Value Continuation Partners, L.P.)*, Adv. No. 11-3304, 2011 Bankr. LEXIS 4475, at *24–26 (Bankr. S.D. Tex. Nov. 10, 2011); *Regal Row Fina, Inc. v. Wash. Mut. Bank*, No. 3:04-CV-1033-G, 2004 U.S. Dist. LEXIS 26704, at *29–30 (N.D. Tex. Dec. 9, 2004).

(12) the presence in the proceeding of non-debtors parties;

(13) comity; and

(14) the possibility of prejudice to other parties in the action.[46]

Application of the permissive-abstention test is not simply an exercise in counting; this Court may give greater weight to certain factors over others, depending on the unique circumstances of the proceeding.[47]

### 2.    Factors weighing against abstention

Factor #1 strongly weighs against abstention. The resolution of issues in this proceeding—the release of Metropolitan Water Company, L.P.'s $4 million and its rights concerning a future stream of income stream totaling hundreds of millions of dollars—is absolutely critical to a successful plan of reorganization for Metropolitan Water Company, L.P. And because Metropolitan Water Company, L.P.'s bankruptcy case (cause no. 21-10903-hcm) is a Subchapter V case, a plan is due within 90 days after the order of relief is issued.[48] To establish the feasibility of any plan it proposes, a decision on the issues in this proceeding must be made within a reasonable time, before or after confirmation.

Trial in the Washington County case is not set until April 4, 2022,[49] and that assumes there are no additional continuances granted based on additional delay caused by the automatic stay (which has been in effect since November 22, 2021) and removal of this proceeding to this Court

---

[46] *See Lain*, 575 B.R. at 731–32.

[47] *See McVey v. Johnson (In re SBMC Healthcare, LLC)*, 519 B.R. 172, 192–93 (Bankr. S.D. Tex. 2014).

[48] *See* 11 U.S.C. § 1189(b).

[49] *See* Email from Washington County court coordinator (Oct. 1, 2021), attached as Exhibit 18.

(which occurred on December 9, 2021).  None of the additional discovery for which the state court continued the October 18, 2021 trial date has been conducted.[50]

Moreover, there is no control over how long the Washington County district court will take to try the case and make its rulings.  But this Court would retain such control if it declines to abstain, and will be able to take into account the entire reorganization cases and the interests of all creditors.

Factor #4 weighs against abstention.  The Blue Water Plaintiffs have not identified "the presence of a related proceeding" in state court or another non-bankruptcy proceeding.

In their analysis, it appears the Blue Water Plaintiffs misunderstood this factor, and improperly interpreted it to mean ***this lawsuit*** when it was previously pending in state court.[51]  The Blue Water Plaintiffs' reasoning is flawed; if "related proceeding" meant the lawsuit that was removed to bankruptcy court, Factor #4 would be satisfied in every single analysis.

Even if the Blue Water Plaintiffs are correct that "related proceeding" means this lawsuit previously pending in state court—which they are not—this factor still weighs against abstention.  Claims regarding Net Project Payments were not asserted until April 2021.[52]  The Washington County district court has not conducted any hearings or issued any rulings on the parties' rights and obligations regarding Net Project Payments—except for its order allowing Wilmington Trust to interplead more than $4 million of Metropolitan Water Company, L.P.'s money, which occurred

---

[50] *See* Metropolitan Water Company, L.P.'s first motion for continuance (filed Sept. 30, 2021), at 1–2, attached as Exhibit 19.

[51] *See* Expedited motion of Blue Water Systems, LP and Blue Water Vista Ridge, LLC to abstain or, alternatively, to remand (Doc. 9), at ¶¶ 35–38.

[52] *Compare* Ex. 10 (Blue Water's second amended petition), at ¶¶ 34–35 *with* Ex. 11 (Blue Water's first amended petition).

on October 28, 2021.  With this motion, this Court has now heard as many matters regarding Net Project Payments as the Washington County district court: ONE.

Further, the discovery conducted in this proceeding[53] does not support or counsel against abstention.  That discovery has little bearing on the *state court's* familiarity with the matters in dispute.  And all discovery responses, documents produced, and depositions taken while this proceeding was in state court can be used in this Court as well.

Factor #6 heavily weighs against abstention.  As explained above, the issues in this proceeding go to the heart of Metropolitan Water Company, L.P.'s bankruptcy case, and their resolution is essential to the success of the bankruptcy case as a whole.

Factor #7 also strongly weighs against abstention.  The disposition of more than $4 million of debtor Metropolitan Water Company, L.P.'s money is at issue in this proceeding, as well as rights regarding hundreds of millions of dollars in future income.  This Court has *exclusive* jurisdiction over property of the Debtor and the bankruptcy estate, under 28 U.S.C. § 1334(e).  Determination of the fate of property in the face of competing claims is arguably the most essential type of "core" proceeding.

Factor #8 weighs against abstention.  The Blue Water Plaintiffs have repeatedly argued that Metropolitan Water Company, L.P.'s claims regarding Net Project Payments (including the $4 million in the state court's registry and the future income stream of hundreds of millions of dollars) are "inherently interrelated" with all of the Blue Water Parties' claims in this proceeding.[54]

---

[53] *See* Expedited motion of Blue Water Systems, LP and Blue Water Vista Ridge, LLC to abstain or, alternatively, to remand (Doc. 9), at ¶ 36.

[54] *See, e.g.*, Blue Water's request for anti-suit injunction (filed July 2, 2021), at ¶ 16 ("The Travis County Case is inherently interrelated with this case in Washington County because *both cases involve the exact same contract and allege breaches of the same section of the same contract*. In the first-filed suit in Washington County, Plaintiffs allege breaches of subsection (7) of Section

According to the Blue Water Plaintiffs' own arguments, severance of some claims from others is not possible.[55]

Factor #13 weighs against abstention. Comity does not recommend deferral in favor of the state court. To the contrary, the primary issue in this proceeding is the disposition of property of the bankruptcy estate, which is the exclusive province of bankruptcy courts.

### 3. Neutral or inapplicable factors

Factor #2 is neutral. While state-law claims are being asserted between the parties, the lion's share of the relief requested concerns disposition of property of the bankruptcy estate of one or both of the Debtors.

Factor #3 is neutral. Contrary to the Blue Water Plaintiffs' contentions, there are no unsettled or difficult areas of law for this Court to apply.

Factor #5 is neutral. There is no basis for federal jurisdiction over this proceeding, aside from bankruptcy jurisdiction under 28 U.S.C. § 1334. But as discussed above, this is a "core" proceeding regarding claims against and disposition of property of the bankruptcy estate, issues over which the bankruptcy court has exclusive jurisdiction under 28 U.S.C. § 1334(e).

Factor #9 is neutral. This proceeding should not substantially increase the amount of work associated with the jointly administered bankruptcy cases as a whole, which are already pending before this Court. The Debtors' choice of Subchapter V, with its shortened timetable for proposing a plan, belies any allegation that the purpose of the removal of this proceeding was delay. Subchapter V and the Bankruptcy Code's other provisions will control the pace of these cases.

---

II of the Post-Closing Agreement. In the Travis County Case, Met Water sues Blue Water Vista Ridge for alleged breaches of subsection (2) of Section II of the Post-Closing Agreement."), attached as Exhibit 20 (without exhibits).

[55] *See* Ex. 20 (Blue Water's request for anti-suit injunction), at ¶ 16.

Moreover, many of the issues in this adversary proceeding, including the interpretation of contracts, can be decided by this Court as a matter of law.

Factor #10 is neutral. There are allegations of forum shopping on all sides. The only reason this proceeding was in Washington County in the first place was due to forum shopping by the Blue Water Plaintiffs.

On May 8, 2020, Blue Water Vista Ridge, LLC intervened into an 8.5-year-old dormant lawsuit in Burleson County that had originally been filed on November 1, 2011.[56] The Blue Water Plaintiffs then asserted claims against Metropolitan Water Company, L.P. related to Section II(7) of the Post Closing Agreement (concerning the administration of groundwater leases dedicated to the Vista Ridge water supply project, and files related to those leases).[57] Prior to Blue Water Vista Ridge, LLC's intervention in that dormant Burleson County lawsuit, Metropolitan Water Company, L.P. was not a party, and that lawsuit did not involve—or even mention—the Post Closing Agreement.

Shortly after Blue Water Vista Ridge, LLC filed its petition in intervention, the Blue Water Plaintiffs filed a notice of hearing on an application for a temporary restraining order, at 4:11 p.m. on Friday, May 8, 2020.[58] The hearing was set in less than three days, on Monday, May 11, 2020,

---

[56] *See* Plaintiff's original petition (filed Nov. 1, 2011, in cause number 26,694 in the 21st District Court of Burleson County), attached as Exhibit 21.

[57] *See* Blue Water Vista Ridge, LLC's petition in intervention (filed May 8, 2020, in cause number 26,694 in the 21st District Court of Burleson County), at ¶ 34, attached as Exhibit 22 (without exhibits).

[58] *See* Notice of Setting (filed May 8, 2020, in cause number 26,694 in the 21st District Court of Burleson County), attached as Exhibit 23.

at 9 a.m.[59] The Blue Water Plaintiffs provided a copy of the petition in intervention and notice of hearing to Metropolitan Water Company, L.P. on Sunday, May 10, 2020, at 10 a.m.[60]

The Burleson County district court orally denied Metropolitan Water Company, L.P.'s motion for a continuance, conducted a hearing on the Blue Water Parties' application for a temporary restraining order on May 11, 2020, and granted all of the relief the Blue Water Parties were seeking.[61] Metropolitan Water Company, L.P. argued to the Tenth Court of Appeals in a mandamus petition filed that same day that the district court's order violated Texas law in multiple respects.[62] On May 12, 2020, the Tenth Court of Appeals stayed the portions of the temporary restraining order that Metropolitan Water Company, L.P. challenged,[63] and on May 15, 2021, denied the Blue Water Parties' motion to lift the stay.[64] (That lawsuit was later transferred to Washington County, but remained in the 21st District Court.[65])

Another example of forum shopping by the Blue Water Parties was their unsuccessful efforts to halt the Travis County lawsuit that Metropolitan Water Company, L.P. filed in April

---

[59] *See* Ex. 23(Notice of Setting).

[60] *See* Blue Water Vista Ridge, LLC email to Metropolitan Water Company, L.P. (May 10, 2020), attached as Exhibit 24 (without attachments).

[61] *See* Temporary restraining order and order setting hearing for temporary injunction (May 11, 2020, in cause number 26,694 in the 21st District Court of Burleson County), attached as Exhibit 25 (without exhibits).

[62] *See* Emergency motion for stay (filed May 11, 2020, in cause number 10-20-00141-CV in the Tenth Court of Appeals), attached as Exhibit 26 (without exhibits).

[63] *See* Order (May 12, 2020, in cause number 10-20-00141-CV in the Tenth Court of Appeals), Ex. 27ached as Exhibit 27.

[64] *See* Order (May 15, 2020, in cause number 10-20-00141-CV in the Tenth Court of Appeals), attached as Exhibit 28.

[65] Order transferring lawsuit to Washington County (June 30, 2020), attached as Exhibit 29.

2021.  After losing in the trial court and at the Third Court of Appeals,[66] the Blue Water Plaintiffs returned to Washington County and obtained an anti-suit injunction to prevent the Travis County lawsuit from moving forward.[67]

As this Court has noted in the past, filing bankruptcy and removing proceedings are, by their very nature, the selection of a new forum for litigation.[68]  But as this Court stated in *Lain v. Watt*, "for forum shopping to become a significant factor in an abstention analysis, it must rise to a level demonstrating an attempt to abuse or manipulate the judicial process."[69]  The evidence here does not demonstrate that any party abused or manipulated the judicial process more than any other party.

Factor #11 is neutral.  While the Blue Water Plaintiffs state they demand a jury and do not consent to this Court entering final orders in this proceeding,[70] those are irrelevant.  As discussed above, this is a "core" proceeding, which means this Court may hear and determine this proceeding and issue a final judgment (subject to review under 28 U.S.C. § 158).

Factors #12 and #14 are neutral.  There are four non-debtor parties in this proceeding: Blue Water Systems, LP, Blue Water Vista Ridge, LLC, Blue Water 130 Project, LP, and Wilmington Trust, N.A.  But all of them have been and will be involved in these bankruptcy cases, regardless

---

[66] *See* Ex. 8 (Travis County order denying plea in abatement); Ex. 9 (Third Court order denying mandamus relief).

[67] *See* Ex. 20 (Blue Water's request for anti-suit injunction).

[68] *See Lain*, 575 B.R. at 734.

[69] *Lain*, 575 B.R. at 734.

[70] *See* Expedited motion of Blue Water Systems, LP and Blue Water Vista Ridge, LLC to abstain or, alternatively, to remand (Doc. 9), at ¶ 34.

of whether this Court abstains from hearing this proceeding, and they will suffer no additional prejudice if this Court exercises jurisdiction over this proceeding.

Three of those four parties had already entered appearances in the jointly administered bankruptcy cases before this proceeding was removed.[71]  And the fourth, Blue Water 130 Project, LP, is represented by the same attorneys as the Blue Water Plaintiffs.  All four non-debtor parties have bankruptcy counsel, and litigation counsel, and they will continue to do so regardless of this Court's decision to abstain or not.

4.  **The balance of factors in the permissive-abstention test weighs against abstention.**

As discussed above, five factors weigh against permissive abstention in this proceeding, and nine factors are largely neutral.  But as it is allowed to do,[72] this Court should give particular weight to factors #1, 6, and 7, all of which strongly weigh against abstention.

The disposition of more than $4 million of Metropolitan Water Company, L.P.'s money in the registry of the state court, as well as rights regarding hundreds of millions of dollars in future income, are critical to Metropolitan Water Company, L.P.'s plan of reorganization.  If this Court exercises its discretion to abstain from hearing this proceeding, control over timing and issues that are absolutely fundamental to the Debtors' successful reorganization will be ceded to a forum without this Court's wider jurisdiction and perspective.

The more equitable, timely, and efficient route for the Debtors, their creditors, and their bankruptcy estates is for this Court to fully and finally determine those issues as part of the

---

[71] *See* Notice of appearance and request for service of documents (filed Nov. 30, 2021), as Document 22 in cause number 21-10903 (notice of appearance for Wilmington Trust, N.A.); *See* Notice of appearance and request for service (filed Dec. 2, 2021), as Document 26 in cause number 21-10903 (notice of appearance for Blue Water Systems, LP and Blue Water Vista Ridge, LLC).

[72] *See McVey*, 519 B.R. at 192–93.

Debtors' joint plan of reorganization. This Court should therefore deny the Blue Water Plaintiffs' request for permissive abstention under 28 U.S.C. § 1334(c)(1).

**D.      This Court should not exercise its discretion to remand this adversary proceeding, for the same reasons that permissive abstention is not appropriate.**

The Blue Water Plaintiffs' final argument is that this Court should exercise its discretion to remand this proceeding to the 21st District Court of Washington County, pursuant to 28 U.S.C. § 1452(b), based on equitable grounds.[73]  Similar to its test for permissive abstention, the Fifth Circuit has listed many non-exclusive factors that a bankruptcy court may consider in deciding whether to remand a removed adversary proceeding on equitable grounds.[74]

There is significant overlap among the multi-factor tests for permissive abstention and equitable remand; this Court has noted in the past that "the same factors are usually weighed to determine if permissive abstention or equitable remand is warranted."[75]  Debtors therefore incorporate their arguments and evidence concerning permissive abstention, as though fully set forth in response to the Blue Water Plaintiffs' motion to remand as well.

For the same reasons that permissive abstention is not appropriate for this proceeding, this Court should not remand this proceeding to state court on equitable grounds.  The Blue Water Plaintiffs' motion to remand should be denied.

## IV.      CONCLUSION

For these reasons, Defendants – Debtors Metropolitan Water Company, L.P. and Met Water Vista Ridge, L.P. respectfully request an order denying plaintiffs Blue Water Systems, LP

---

[73] *See* Expedited motion of Blue Water Systems, LP and Blue Water Vista Ridge, LLC to abstain or, alternatively, to remand (Doc. 9), at ¶ 42.

[74] *See, e.g.*, *Browning*, 743 F.2d at 1076 n.21.

[75] *Lain*, 575 B.R. at 731.

and Blue Water Vista Ridge, LLC's motion to abstain or, alternatively, to remand (Doc. 9) in its entirety, and for such other and further relief to which Debtors may be justly entitled.

Dated: December 30, 2021

Respectfully submitted,

HOWRY BREEN & HERMAN, L.L.P.

Randy R. Howry
State Bar No. 10121690
rhowry@howrybreen.com
James Hatchitt
State Bar No. 24072478
jhatchitt@howrybreen.com
1900 Pearl Street
Austin, Texas 78705-5408
Tel. (512) 474-7300
Fax (512) 474-8557

*Proposed special litigation counsel for debtors Metropolitan Water Company, L.P. and Met Water Vista Ridge, L.P.*

B. Weldon Ponder Jr.
State Bar No. 16110400
weldon@austin.rr.com
4408 Spicewood Springs Road
Austin, Texas 78759
Tel. (512) 342-8222
Fax (512) 342-8444

Catherine A. Lenox
State Bar No. 12204350
P.O. Box 9904
Austin, Texas 78766
Tel. (512) 689-7273

*Attorneys for debtors Metropolitan Water Company, L.P. and Met Water Vista Ridge, L.P.*

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of this document was delivered on December 30, 2021, in accordance with Rule 7005 of the Federal Rules of Bankruptcy Procedure and Rule 5(b)(2) of the Federal Rules of Civil Procedure, to all persons registered to receive service for this matter in this Court's CM/ECF system.

James Hatchitt